UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14-CV-P158-H

FLEECE JOHNSON                                                                                               PLAINTIFF

v.

JEANETTE M. SISCO et al.                                                                                  DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Fleece Johnson, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, who is incarcerated at the Kentucky State Penitentiary (KSP), sues Kentucky State Reformatory (KSR) Lieutenant Adjustment Committee Chair Jeanette M. Sisco and KSR Warden Clark Taylor in their official capacities. He alleges that his due process rights were violated in relation to disciplinary hearings on charges of "major assault." Plaintiff attaches "Disciplinary Report Forms" from incidents occurring on September 3, 2013, and September 7, 2013. Plaintiff was found guilty of both charges and in both charges he lost 730 days of non-restorable good time credit. He asks for relief in the form of monetary damages, having the "write-ups" expunged from his record, payment of court costs, and the appointment of an attorney to "see to appeals and good time being restored."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's complaint fails to state a claim for which relief may be granted because his action is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted).

The requirement that the prior criminal action ended favorably for the accused "'avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id.* at 484 (citation omitted). The favorable termination requirement of *Heck* applies to prisoner allegations of due process violations in prison discipline hearings that result in the deprivation of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). In *Wilkinson v. Dotson*, the Supreme Court made it clear that the *Heck* and *Edwards* bar applies no matter the relief sought. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is clear that Plaintiff was found guilty after the disciplinary hearings about which he complains in the instant action. Thus, in the present case, if this Court were to find for Plaintiff such a finding would necessarily render his disciplinary proceeding invalid. "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." *Heck*, 512 U.S. at 486. There is no evidence that Plaintiff's disciplinary convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, his § 1983 claim is not presently cognizable, and his claim will be dismissed for failure to state a claim upon which relief may be granted.

## III. **CONCLUSION**

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.009